United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cameron Kelts and Jeffery Sullivan, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 22-22299-Civ-Scola ) |
| King Ocean Services, Ltd. and Oscar Calderon, Defendants. | ) ) ) |

**<u>Order</u>**

This matter is before the Court on Defendant King Ocean Services, Ltd.'s, motion to dismiss. (ECF No. 8.) The Plaintiffs filed a response to the motion (ECF No. 10), and the Defendant filed a reply memorandum in support of its motion (ECF No. 13). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 8**.)

**1. Background**

Plaintiffs Cameron Kelts and Jeffrey Sullivan, proceeding *pro se*, assert counts for civil theft under Florida Statutes Section 812.014 and conversion under Florida common law against Defendant King Ocean. (Compl., ECF No. 1-2, ¶¶ 43-49, 50-57.) The Plaintiffs additionally plead one count for fraudulent transfer against Defendant Oscar Calderon, who has not yet been served with the complaint and is allegedly a "citizen of Costa Rica." (*Id.* ¶¶ 4, 51-65.) The Plaintiffs filed their complaint in Florida state court, and Defendant King Ocean timely removed after receiving service of process. (Not. of Removal, ECF No. 1.)

The Plaintiffs' allegations, at heart, are simple. The Plaintiffs contracted with King Ocean to ship a truck from Florida to Costa Rica. (Compl. ¶¶ 10-12.) King Ocean did, in fact, ship the truck to Costa Rica. (*Id.* ¶ 12.) After the truck was delivered to Costa Rica and discharged from the ship but while it remained in King Ocean's custody, the truck was wrongfully released to Defendant Calderon without the Plaintiffs' approval. (*Id.* ¶ 27.) The Plaintiffs filed a criminal complaint against the Defendants in Costa Rica and this civil complaint against the Defendants in Florida for the wrongful release of the truck. (*Id.* ¶¶ 40-41.)

In support of their claims, the Plaintiffs attach as Exhibit 1 to the complaint the front side of the bill of lading for King Ocean's shipping of the truck to Costa Rica. (*Id.* ¶ 12, Ex. 1.) King Ocean attaches to its motion to dismiss the remainder of the referenced bill of lading. (Mot., ECF No. 8, at 2 n.4, Ex. 1; Not., ECF No. 18, Ex. A.) The rear side of the bill of lading contains the following "Clause Paramount" regarding the King Ocean's liability:

> This bill of lading shall have effect subject to the provisions of the Carriage of Goods by Sea Act of 1936 of the United States of America, as amended ("COGSA") which shall apply to the Goods whether the Goods carried on or under deck to carriage of the Goods to, from, or between U.S. ports or between non-U.S. ports before the Goods are loaded on and *after they are discharged from the vessel and throughout the entire time that they are in custody of the Carrier, whether acting as carrier, bailee, terminal operator, inland carrier, stevedore.* Carrier shall be entitled to any and all defenses and limitations of liability provided under COGSA or any other compulsorily applicable law or for any and all claims arising out of Carrier's custody or control of the Goods . . . .

(Not., Ex. A.) The front of the bill of lading establishes that "[t]he goods [are] to be delivered at the aforementioned port of discharge or place of delivery, whichever is applicable, *subject always to* the exceptions, limitations, conditions and liberties set out on the reverse side hereof *to which the Shipper and Consignee agree to accepting this Bill of Lading.*" (*Id.*) (emphasis added). The reverse side of the bill of lading also establishes that the "Merchant," by "accepting this bill of lading, whether or not signed by Merchant, Merchant expressly accepts and agrees that the receipt, custody, carriage, delivery and any transshipping of the Goods are subject to the terms appearing on the face and back hereof." (*Id.*) A "Merchant" is further defined as "includ[ing] the shipper, holder, consignee, receiver of Goods, [or] any Person owning or entitled to the possession of the Goods or of this Bill of Lading." (*Id.*)

King Ocean now moves to dismiss the two counts against it for failure to state a claim upon which relief can be granted, asserting that the Plaintiffs' claims for civil theft and conversion are preempted by the federal Carriage of Goods at Sea Act ("COGSA," codified at 46 U.S.C. § 30701 Note), based on the express terms of the bill of lading. (Mot. at 1.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

King Ocean argues that the Plaintiffs' claims are preempted by COGSA based on the plain terms of the Clause Paramount in the bill of lading. (Mot. at 15-19.) The Plaintiffs, in response, attempt to disavow the bill of lading, stating that they never signed it. (Resp. at 3.) King Ocean, in reply, argues that the terms of the bill of lading confirm that the Clause Paramount applies because, by shipping goods under the bill of lading, the party contracting with King Ocean is put on notice of and accepts the terms of the bill of lading regardless of whether that party signs the bill of lading. (Reply at 3.)

The Court finds that the bill of lading's terms govern the parties' relationship, those terms expressly call for COGSA to apply to the circumstances detailed in the Plaintiffs' complaint, and the Plaintiffs' claims for civil theft and conversion are therefore preempted by COGSA.

The Eleventh Circuit holds that, where COGSA applies, it provides the plaintiff with an exclusive remedy. *Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co.*, 215 F.3d 1217, 1220 (11th Cir. 2000) ("We conclude that because COGSA applies in this case, it provides [the plaintiff's] exclusive remedy."). A plaintiff therefore may not plead tort claims under state law where a COGSA claim would be appropriate. *Id.* ("We have found no cases in which a court has allowed a tort claim to proceed when COGSA applies.").

COGSA allows parties to extend its application by contract. Carriage of Goods by Sea Act, § 7, 46 U.S.C. § 30701 Note ("Nothing contained in this Act shall prevent a carrier or a shipper from entering into any agreement, stipulation, condition, reservation, or exemption as to the responsibility and liability of the carrier or the ship for the loss or damage to or in connection with the custody and care and handling of goods prior to the loading on and subsequent to the discharge from the ship on which the goods are carried by sea."). The Eleventh Circuit has confirmed that, by its own terms, COGSA allows the parties to extend its application to times when shipments of goods are in the custody of the carrier. *Groupe Chegaray/V. De Chalus v. P&O Containers*, 251 F.3d 1359, 1364 (11th Cir. 2001) (holding that COGSA applied to goods in the custody of the carrier, even though the goods were lost after being discharged from the ship, because the

"bill of lading explicitly incorporates COGSA as 'paramount throughout' the time the goods are in the custody of [the carrier]."). The Supreme Court has confirmed this, as well. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 29 (2004) ("As COGSA permits, [the defendant carrier] in its bill of lading chose to extend the default rule to the entire period in which the machinery would be under its responsibility, including the period of the inland transport.").

The Plaintiffs incorporated the bill of lading in their complaint. (Compl. ¶ 12, Ex. 1.) They therefore may not disclaim the terms and conditions contained in the bill of lading, and King Ocean may properly rely on the bill of lading's terms on a motion to dismiss. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims.").

Under the express terms of the bill of lading, COGSA applies as long as the truck was in King Ocean's custody. (Not., Ex. A); *Groupe Chegaray*, 251 F.3d at 1364. And the bill of lading makes clear that, by shipping goods with King Ocean, the Plaintiffs accepted the bill of lading's terms and conditions contained on the reverse side. (Not., Ex. A); *Big Blue Inc. v. Hapag-Lloyd Aktiengesellschaft*, No. 08-22753-CIV, 2009 WL 10712209, at *3 (S.D. Fla. July 23, 2009) (Bandstra, Mag. J.) (finding that "the Bill of Lading . . . attached to the second amended complaint contractually bind[s] plaintiff to the terms and conditions on the reverse side of the Bill of Lading."). Therefore, the bill of lading's Clause Paramount is enforceable against the Plaintiffs here, and COGSA applies while the truck was in King Ocean's custody after discharge. *Big Blue*, 2009 WL 10712209, at *3.

The Plaintiffs' claims against King Ocean are based on circumstances that occurred while the truck was in King Ocean's custody. (Compl. ¶¶ 12, 43-49, 50-57.) Because COGSA contractually applies to that period and provides an exclusive remedy where it applies, Plaintiffs' claims for civil theft and conversion fail to state a claim upon which relief may be granted as a matter of law. *Polo Ralph Lauren*, 215 at 1220; *Big Blue*, 2009 WL 10712209, at *2-3. Plaintiffs may plead a claim against King Ocean only under COGSA on these facts.

### 4. Conclusion

For the reasons stated above, the Court **grants** King Ocean's motion to dismiss (**ECF No. 8**) and dismisses counts one and two of the Plaintiffs' complaint against Defendant King Ocean **without prejudice**.

**Done and ordered** in Miami, Florida, on September 8, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. Mail to:*

Cameron Kelts
P.O. Box 220
Seffner, FL 33583

Jeffery Sullivan
P.O. Box 220
Seffner, FL 33583